UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROBERT FIGUEROA,

                              MEMORANDUM DECISION
                                  AND ORDER
                Petitioner,             04-CV-3190 (GBD)

      -against-

JAMES CONWAY,

                Respondant.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

*Pro se* petitioner filed a writ of habeas corpus challenging his conviction, upon a jury trial, in New York State Supreme Court, Bronx County, for rape and attempted murder . Petitioner claims that: (1) his murder conviction was based, in substantial part, on uncorroborated hearsay and therefore, the crime was not proved beyond a reasonable doubt, in violation of petitioner's rights to due process under the Fifth, Sixth, and Fourteenth Amendments; (2) the use of hearsay and reference to persons, documents, and things  not produced at trial violated petitioner's right to confront and examine witnesses and evidence under the Sixth and Fourteenth Amendments; (3) the prosecution failed to produce exculpatory material required by Brady v. Maryland, 373 U.S. 83 (1963), in violation of petitioner's right to due process under the Sixth and Fourteenth Amendments; (4) the prosecution failed to disclose material bearing on the credibility of witnesses, in violation of petitioner's right to a fair trial and to confront witnesses under the Fifth, Sixth, and Fourteenth Amendments; (5) his rape conviction contained the same constitutional infirmities as his attempted murder conviction; (6) the trial court improperly conducted an investigation into petitioner's Family Court files, an "extra-judicial" action that rendered petitioner's trial fundamentally unfair; and (7) petitioner suffered from ineffective

1

assistance of counsel.

This Court referred the matter to Magistrate Judge Douglas F. Eaton for a Report and Recommendation ("Report"). In his Report, Magistrate Judge Eaton recommended that this court deny petitioner's habeas corpus petition. The magistrate judge found that the jury heard very little hearsay, the hearsay that the jurors did hear was generally helpful to the defense, and that the defense had opened the door on certain topics, thereby allowing certain testimony on those topics. The Report also notes that petitioner failed to allege what exculpatory material petitioner claimed the prosecution withheld, or that petitioner had ever requested this material from the prosecution. Magistrate Judge Eaton also found that petitioner failed to identify what witness about whom the prosecution failed to divulge material relating to that witness' credibility. The Report further noted that the trial judge's inquiry into Family Court files was appropriate as the parties had requested a <u>Molineux</u> hearing to determine the admissibility of certain prior bad acts. Finally, Magistrate Judge Eaton reviewed the actions of the trial judge and the Appellate Division in analyzing petitioner's ineffective assistance of counsel claim under the test established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Finding that the trial judge and the Appellate Division had considered and reasonably denied petitioner's claim through a proper application of the <u>Strickland</u> standard, Magistrate Judge Eaton concluded his Report recommending that this Court deny petitioner's habeas corpus petition.

In his Report, Magistrate Judge Eaton informed the parties of their right to submit objections to the Report and advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Petitioner filed timely objections to the Report. Petitioner's objections generally restated the original grounds for his petition.

The Court may accept, reject, or modify, in whole or in part, the findings and

recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." Raddatz, 447 U.S. at 676. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. Nelson, 618 F. Supp. at 1190; see also, Heisler v. Kralik, 981 F. Supp. 830, 840 (S.D.N.Y. 1997), aff'd sub nom, Heisler v. Rockland County, 164 F.3d 618 (2d Cir. 1998). Since petitioner is proceeding *pro se*, his objections, as well as his other pleadings, are to be liberally construed and interpreted to raise the strongest argument they suggest. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Upon *de novo* review of the instant matter, this Court determines that the magistrate judge's findings are supported by the record. Petitioner's objections are without merit. This Court adopts Magistrate Judge Eaton's Report in its entirety. Petitioner's habeas corpus petition is DENIED.

As the petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v.

United States, 107 F.3d 1101(2d Cir. 1997). Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: November 20, 2007
New York, New York

SO ORDERED:

/s/ George B. Daniels
GEORGE B. DANIELS
United States District Judge